[File No. 6346.]

CORN EXCHANGE SAVINGS BANK, Sioux Falls, S. D., a Bank-
ing Corporation, Respondent v. NORTHWEST CONSTRUC-
TION COMPANY, a Corporation, Appellant.

(260 N. W. 580.)

Opinion filed May 1, 1935.

*Hyland & Foster,* for appellant.

*Lawrence, Murphy, Fuller & Powers,* for respondent.

CHRISTIANSON, J. Plaintiff brought this action to recover on two promissory notes. According to the allegations of the complaint these notes were executed and delivered by the defendant to the Larson Engineering Construction Company for value and assigned by the latter company to the plaintiff in due course, and the plaintiff is the owner and holder thereof. The summons and complaint were served upon the defendant on September 11, 1934. The complaint was duly verified by plaintiff's attorney. The defendant made no appearance whatever in this action. The plaintiff also instituted a garnishment action ancillary to this action. The defendant furnished a bond for the release of the garnishment as required by § 7686, Comp. Laws 1913, whereupon the garnishee was discharged and the garnishment action deemed discontinued.

On November 17, 1934, the plaintiff caused notice to be served upon the defendant and upon the attorneys who had appeared in its behalf in the garnishment action to the effect that the plaintiff, on November 28, 1934, would make application to the court for the relief demanded, and for the assessment of damages as prayed for, in the complaint. The notice recited that more than thirty days had elapsed since the service of the summons and complaint and that no answer or demurrer had been filed. At the time and place so fixed in such notice the plaintiff appeared by its attorneys and the defendant also appeared by its attorneys. The attorneys for the defendant filed what was denominated "notice of special appearance" wherein it was asserted that they appeared specially for the purpose of objecting to the entry of judgment on the grounds that the defendant had been informed and believed that the notes sued upon and described in the complaint were not owned by or in the possession of the plaintiff, and that under the rules of practice of the district courts and § 7600, Comp. Laws, 1913, the district court was without authority to enter judgment unless the notes were produced in court. The court overruled the objection, and, after hearing such proof as was offered by the plaintiff, ordered judgment in favor of the plaintiff and against the defendant for the amount of the promissory notes with interest and costs of the action. Judgment was entered accordingly and the defendant has appealed.

The appeal brings before us solely the judgment-roll. There is no statement of the case. There is nothing to show what occurred in the

court below except what may be gathered from the papers embraced in the judgment-roll, and especially from the recitals in the order for judgment. From the recitals in the order for judgment it appears that the defendant did appear at the time and place fixed for the assessment of damages and then made the objections already stated, and that the plaintiff thereupon offered in opposition to the objection certain affidavits which are attached to and made a part of the judgment-roll. From these affidavits it appears that the defendant obtained possession of the promissory notes involved in this suit fraudulently and by giving a check in alleged payment of the notes to a person who had been entrusted with them for the purpose of collection and that this check was not paid when presented for payment, but was protested for non-payment.

The only action of the trial court on which error is predicated is the ruling made on defendant's special appearance and objection. So far as the record discloses defendant made no showing in support of the objection while the plaintiff, on the other hand, made the showing already mentioned. Obviously the record thus presented here discloses no error on the part of the trial court. The complaint in this action was duly verified in the manner provided by law. The facts set forth in the complaint constituted legal causes of action in favor of plaintiff and against the defendant for the amount for which the judgment was rendered. The defendant, by its default, admitted the allegations of the complaint. 6 Enc. Pl. & Pr. pp. 111, et seq. Under the plain language of the statute the defendant was not entitled to any notice of the time and place of assessment of the amount due to the plaintiff. Comp. Laws 1913, § 7,600. In other words, the plaintiff was entitled to apply for judgment by default without any notice to the defendant whatsoever. The facts alleged in the complaint, admitted by the defendant's default, and presumptively fully established to the satisfaction of the trial court, warranted the judgment that was ordered and entered. That judgment comes before us with every presumption of regularity and validity. The appellant has the burden of presenting a record showing the contrary. The record transmitted to this court fails to show any reason for interfering with the judgment appealed from. It must be, and is, affirmed.

BURKE, Ch. J., and MORRIS, NUESSLE and BURR, JJ., concur.